# EXHIBIT 1

ECOSHEL RELEASE FOR ALL DEFENDANTS

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this 22 day of September, 2013, by and between Plaintiffs Salomon Tolayo, Abigail Tolayo, Silvestre Tolayo, and Edimar Esegara (collectively, the "Plaintiffs") and Defendants, Ecoshel, Inc. ("Ecoshel") and Bryan J. Kirkey ("Kirkey") (collectively, the "Defendants"). Plaintiffs and the Defendants are collectively referred to as the "Parties."

**WHEREAS**, Plaintiffs allege that they were employed by Defendants;

**WHEREAS**, Plaintiffs have pending against Defendants an action in the United States District Court for the District of Georgia, Atlanta Division (the "Court"), styled Salomon Tolayo, on behalf of himself and all others similarly situated v. Ecoshel, Inc., a Georgia Profit Corporation and Bryan J. Kirkey, individually, Case No. 1:13-cv-00263-RWS (the "Lawsuit"), alleging unpaid wages under the Fair Labor Standards Act and state law;

**WHEREAS**, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiffs;

**WHEREAS**, Plaintiffs and Defendants desire to settle, fully and finally, all differences between them arising from or in any way connected with Plaintiffs' work performed for or employment with Defendants;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of this Agreement, and in full and final settlement of any claims which Plaintiffs have made, Defendants shall make payments totaling **$20,000.00**, allocated as follows:

    ° a total of $3,500.00 shall be payable to Plaintiff, Salomon Tolayo;

    ° a total of $3,500.00 shall be payable to Plaintiff, Abigail Tolayo;

*[initials: ST AT SI E.E]*

    ° a total of $3,500.00 shall be payable to Plaintiff, Silvestre Tolayo;

    ° a total of $3,500.00 shall be payable to Plaintiff, Edimar Esegara; and

    ° a total of $6,000.00 shall be payable to Morgan & Morgan, P.A., as its reasonable attorneys' fees and costs.

  (A)  The $20,000.00 shall be paid in a total of four monthly installments as follows:

The first payment, totaling $6,000.00, shall be due ten (10) days after Court Approval. Such payment will be comprised of checks made out individually to each Plaintiff named above, and a separate check to Morgan & Morgan (for its fees and costs); each check for 1/3 of each Plaintiff's total amount referenced above ($1,166.66 per Plaintiff), with the remainder ($1,333.34) payable to Morgan & Morgan, P.A.

A second payment, totaling $6,000.00, will be paid within forty (40) days of Court Approval, comprised of checks made out individually to each Plaintiff named above, and a separate check to Morgan & Morgan (for its fees and costs), each check for 1/3 of each Plaintiff's total amount referenced above ($1,166.66 per Plaintiff), with the remainder ($1,333.34) payable to Morgan & Morgan, P.A.

A third payment, totaling $6,000.00, will be paid within seventy (70) days of Court Approval, comprised of checks made out individually to each Plaintiff named above, and a separate check to Morgan & Morgan (for its fees and costs), each check for 1/3 of each Plaintiff's total amount referenced above ($1,166.66 per Plaintiff), with the remainder ($1,333.34) payable to Morgan & Morgan, P.A.

A fourth and final payment, totaling $2,000.00, will be paid within thirty (30) days of the third payment comprised of a single check payable to Morgan & Morgan, P.A.

  (B)  To the extent Defendants fail to make one (1) or more payments as enumerated in paragraph 2(A) above, all amounts remaining due hereunder shall immediately become due. To that end, in the event of such a default, Plaintiffs shall have the absolute right to immediately enter judgment for all sums still remaining due against all Defendants, jointly and severally against all Defendants, plus applicable interest and attorneys' fees and costs. Defendants further agree that, to the extent they fail to make one

2      *S.T.*   *S.T. E.E* [signatures]

(1) or more payments as enumerated in paragraph 2(A) above, Defendants waive any and all defenses to any action Plaintiff may bring to enforce his rights hereunder.

**2.     DISMISSAL WITH PREJUDICE.**     Upon full execution of this Agreement, Plaintiff's counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"), for the purpose of dismissing this case with prejudice as to the Defendants. This Agreement is not effective until the Motion has been granted and the Court enters an Order dismissing the case with prejudice. The Parties hereby agree that the Court shall retain jurisdiction over the enforcement of this Agreement.

**3.     FULL AND FINAL RELEASE.** Except for the obligations of each party as set forth in this Agreement, Plaintiff, for himself, and for Plaintiff's attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants, including, as applicable, all their heirs, executors, administrators, parent, subsidiary and/or affiliated companies, as well as their successors, assigns, officers, owners, directors, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, as a result of actions or omissions occurring through the effective date of this Agreement under or relating to the Fair Labor Standards Act (the "FLSA"), and any applicable state or local law relating to the payment of wages, including but not limited to all claims under any constitution, public policy or common law including, but not limited to common law claims of outrageous conduct, intentional or negligent infliction of emotional distress, negligent hiring, breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, negligence, wrongful termination of employment, interference with employment relationship, civil rights, fraud and deceit and all other claims of any type or nature, including all claims for damages, wages, compensation, vacation, reinstatement, medical expenses, punitive damages, and claims for attorneys' fees. Plaintiff also agrees that this release acts to release any claim relating to any remaining allegation filed in this Lawsuit or such allegations arising from Plaintiff's work for Defendants which could have been asserted in this Lawsuit. Plaintiff and Defendants intend that this General Release shall discharge all claims against Defendants and all other Releasees to the full and maximum extent permitted by law, but no further. This Agreement does not bar Plaintiffs or Defendants from bringing an action to enforce the terms of this Agreement against any other party in

3                              *S.T.A.T   S.T.E.E*

the event of default.

**4. NO OTHER CLAIMS.** Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants under or relating to the FLSA or state law claims or any other allegations filed in this Lawsuit at any time for actions taken up to and including the date Plaintiff executes this Agreement. Notwithstanding the foregoing, nothing in this Agreement prevents Plaintiff from filing a charge or complaint with or from participating in an investigation or proceeding conducted by any federal, state or local agency charged with the enforcement of any employment laws, although by signing this release Plaintiff does hereby waive any right or claim to individual relief based on claims asserted in such a charge or complaint. Further, Plaintiff acknowledges and agrees that Plaintiff has received all employment compensation to which he is entitled for services provided through and including the date on which his employment with Defendants ended.

**5. NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants deny any liability as vigorously as Plaintiff claims liability.

**6. SEVERABILITY.** The provisions of this Agreement are severable, and if any part of this Agreement except Paragraphs 3-5 is found by a court of law to be unenforceable, the remainder of the Agreement will continue to be valid and effective. If any of Paragraphs 3-5 is found to be unenforceable, then the Agreement shall be null and void.

**7. RIGHT TO REPRESENTATION; EFFECTIVE DATE OF AGREEMENT.** Plaintiff, in receiving a copy of this Agreement, acknowledges that he has been advised in writing to seek the advice of his attorney before signing this Agreement he has had adequate opportunity to so consult and has so consulted. This Agreement will become binding upon Plaintiff on the date that Plaintiff signs it, and shall become effective on that date that the Court approves this Agreement in full and dismisses the Lawsuit with prejudice.

**8. LEGALLY BINDING AGREEMENT.** Plaintiff understands and acknowledges (a) that this is a legally binding release; (b) that by signing this

4                                   *ST.A.T  ST.E.E* (initials)

Agreement, he is hereafter barred from instituting claims under the FLSA or any other claims arising from his employment with Ecoshel against Ecoshel or any of the Releasees in the manner and to the extent set forth in Paragraph 4 and Paragraph 5 above; and (c) that this Agreement is final and binding.

9. **CONSTRUCTION; GOVERNING LAW.** This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party. This Agreement is to be interpreted, enforced, and governed by and under the laws of the State of Georgia, without giving effect to the conflict of laws rules and principles thereof.

10. **VOLUNTARY EXECUTION.** Plaintiff acknowledges that he has entered into this Agreement freely and without coercion, that he has been advised by the Defendants to consult with counsel of his choice and that he has had adequate opportunity to so consult and have so consulted.

11. **ENFORCEMENT OF THIS AGREEMENT.** The Parties agree that in the event that any Party incurs attorneys' fees in order to enforce the terms of this Agreement, the Party against which the Agreement is so enforced will pay or reimburse the enforcing Party in full for any such attorneys' fees.

*PLEASE READ THIS DOCUMENT CAREFULLY.*
*THIS AGREEMENT INCLUDES A RELEASE OF CLAIMS.*

| Date: 9/30/2013 | Bryan J. Kirkey |
|---|---|
| Date: 9/30/2013 | For: Ecoshel, Inc. <br> By: <br> Name: BRYAN J. KIRKEY <br> Title: CEO |
| Date: 9/22/2013 | Salomon Tolayo |

5

S.T.A.T S.T E.E

| Date: 9/22/2013 | *Abigail Tolayo* <br> Abigail Tolayo |
|---|---|
| Date: 9/22/2013 | *[signature]* <br> Silvestre Tolayo |
| Date: 9/22/2013 | *Edimar Esegara* <br> Edimar Esegara |

S.T. A.T  S.T. E.E